IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| United States of America, | ) | C/A No.: 1:16-866-JMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Charles M. Prosser d/b/a Prosser's Septic Tank Service, | ) | |
| Defendants. | ) | |

On March 17, 2016, the United States of America ("the Government") filed a complaint against Charles M. Prosser d/b/a Prosser's Septic Tank Service ("Defendant"). [ECF No. 1]. This matter comes before the court on the Government's motion for summary judgment and sanctions. [ECF No. 27]. This matter was referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends judgment be entered against Defendant.

I.  Factual and Procedural Background

The Government filed the complaint in this matter alleging violations of and interference with the administration of the internal revenue laws. Compl. at ¶ 1. Charles M. Prosser operates Prosser's Septic Tank Service as a sole-proprietorship. Compl. ¶ 8;

Answer ¶ 2. According to the declaration of Sara Brutscher,[1] IRS Revenue Officer, and undisputed by Defendant, Defendant has (1) outstanding Form 941 balances in all 26 tax quarters listed in the Complaint, extending from 2008 through 2015; (2) outstanding Form 940 balances for all reporting periods listed in the Complaint, extending from 2009 through 2012; and (3) outstanding Form 1040 balance for 2010. Brutscher Decl. at ¶ 5. Since the complaint was filed, the IRS has assessed Form 941 taxes on nine more quarters, including tax periods from 2008 through 2016, eight of which have balances outstanding. *Id*. ¶ 15. For the 34 quarters Defendant owes Form 941 taxes, he filed 32 untimely returns; Defendant has been late or never filed Form 940 returns for seven of the last eight years; and Defendant has filed only one Form 1040 return since 2010. *Id*. ¶ 15.

On March 29, 2017, the Government filed the instant motion for summary judgment and for sanctions. [ECF No. 27]. The undersigned entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on March 30, 2017, advising Defendant of the importance of the motion for summary judgment and of the need for him to file an adequate response by May 1, 2017. [ECF No. 28]. Defendant was specifically advised that if he failed to respond adequately, the Government's motion may be granted. *Id*. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Defendant failed to respond to the motion. On May 4, 2017, the court ordered Defendant to advise whether he opposed Plaintiff's motion and warned that if he failed to respond, judgment may be entered against him. [ECF No. 33]. Defendant

---

[1] Ms. Brutscher's declaration may be found at ECF No. 27-2.

has filed no response.

II. Discussion

    A. Monetary Judgment

It is well-established that federal tax assessments are entitled to a legal presumption of correctness. *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Balkissoon v. Comm'r*, 995 F.2d 525, 529 (4th Cir. 1993). The burden rests on the taxpayer to show that he is not liable for the assessments. *McHan v. Comm'r*, 558 F.3d 326, 332 (4th Cir. 2009); *United States v. Alexander*, Civ. No. 6:08-cv-3760-GRA, 2010 WL 1643425, at *3 (D.S.C. Apr. 22, 2010); *see also* 26 U.S.C. § 7491 (providing that burden may shift to Commissioner if taxpayer introduces credible evidence that assessment is incorrect).

The Government has introduced IRS account transcripts for Defendant's tax liabilities for the years at issue. [ECF No. 27-2 at 8–73]. The account transcripts reflect the tax assessments against Defendant and any payments or credits for each tax year. Brutscher's declaration and its attached exhibits show that the assessed tax, plus accruals of statutory penalties and interest based on the assessed amounts as of March 27, 2017, totals $483,945.87. Defendant has failed to produce evidence that the taxes assessed by the Government or the outstanding balances shown by the IRS's records are incorrect. Because there are no material facts in dispute regarding his unpaid tax debt, the undersigned recommends judgment be entered against Defendant in the amount of $483,945.87, plus accruing statutory interest to the date of payment in full.

B. Injunctive Relief

The Government also seeks a permanent injunction requiring Defendant to: (1) timely deposit federal income taxes and Federal Insurance Contributions Act ("FICA") taxes withheld from Defendant's employees, together with Defendant's liability for FICA taxes and Federal Unemployment Tax Act ("FUTA") taxes, in accordance with the federal deposit regulations; (2) provide proof to the Internal Revenue Service ("IRS") that the requisite deposits were made; (3) timely file all Form 941 and 940 tax returns; (4) timely pay outstanding liabilities due on each Form 941 and 940 return required to be filed; (5) refrain from assigning any property or making any disbursements until all Form 941 and Form 940 liabilities due for a period arising after the injunction is entered have been paid; and (6) notify the IRS in writing of any new or unknown business that Prosser may come to own or manage in the next five years.

The Government notes this court's jurisdiction to issue such relief pursuant to 26 U.S.C. § 7402(a) and argues it also meets the traditional equitable factors for the entry of permanent injunctive relief. Defendant has not disputed that Plaintiff is entitled to permanent injunctive relief. Therefore, the undersigned recommends the Government be granted the requested injunctive relief.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the Government's motion for summary judgement be granted. Additionally, it appears the Government's motion for sanctions is moot, as Defendant has not responded to the motion or introduced any evidence.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 23, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).