# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | Civil Action No.:1:16-cv-00866-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charles M. Prosser d/b/a Prosser's Septic Tank Service, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon review of Magistrate Judge Shiva V. Hodges' Report and Recommendation ("Report") (ECF No. 35), filed on May 23, 2017, recommending that Plaintiff's Motion for Summary Judgment against Defendant Charles M. Prosser be granted and that judgment be entered against Defendant in the amount of $483,945.87, plus accruing statutory interest to the date of payment in full.

Additionally, the Magistrate Judge's Report recommends that the court grant Plaintiff's request for injunctive relief requiring Defendant to: (1) timely deposit federal income taxes and Federal Insurance Contributions Act ("FICA") taxes withheld from Defendant's employees, together with Defendant's liability for FICA taxes and Federal Unemployment Tax Act ("FUTA") taxes, in accordance with the federal deposit regulations; (2) provide proof to the Internal Revenue Service ("IRS") that the requisite deposits were made; (3) timely file all Form 941 and 940 tax returns; (4) timely pay outstanding liabilities due on each Form 941 and 940 return required to be filed; (5) refrain from assigning any property or making any disbursements until all Form 941 and Form 940 liabilities due for a period arising after the injunction is entered

have been paid; and (6) notify the IRS in writing of any new or unknown business that Prosser may come to own or manage in the next five years. (ECF No. 35.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

The parties were advised of their right to file objections to the Report. (ECF No. 35.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 35), **GRANTS**

Plaintiff's Motion for Summary Judgment (ECF No. 27), and **DENIES AS MOOT** Plaintiff's Motion for Sanctions (*id.*).

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 8, 2017
Columbia, South Carolina